[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 08-12264
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
November 24, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 98-00433-CR-T-24-C

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ELLIOTT WALKER,
a.k.a. Earl,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(November 24, 2008)


Before BIRCH, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Elliott Walker appeals the district court's denial of his motion for a reduced sentence, brought pursuant to 18 U.S.C. § 3582(c)(2). Walker's motion was based on Amendment 706 to the Sentencing Guidelines, which retroactively lowered certain base offense levels applicable to crack cocaine The district court concluded that it was not authorized to grant a sentencing reduction because it found that Walker was held accountable for 4.5 kilograms or more of crack cocaine at sentencing and, therefore, Amendment 706 would not retroactively lower his guideline range. For the reasons set forth below, we affirm.

**I.**

In 1998, a federal grand jury returned an indictment against Walker and several codefendants, charging them with conspiracy to possess with intent to distribute 50 or more grams of crack cocaine and 5 or more kilograms of cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1). After a jury trial, Walker was convicted on the lone count in the indictment.

In setting out Walker's offense conduct in the pre-sentence investigation report ("PSI"), the probation officer stated: "It is conservatively estimated that Elliott Walker is held accountable for 21 kilograms of cocaine base." In calculating Walker's applicable guideline range, the probation officer assigned Walker a base offense level of 38 under U.S.S.G. § 2D1.1 because he was

responsible for "an amount of 1.5 kilograms or more" of crack cocaine. Because Walker did not receive any enhancements or reductions, his total offense level was 38, which, coupled with a criminal history category of I, gave him an applicable guideline range of 235 to 293 months' imprisonment. Because he was subject to a statutory mandatory minimum sentence of 20 years' imprisonment, however, his applicable guideline range became 240 to 293 months' imprisonment.

In his objections to the PSI, Walker argued that the evidence at trial did not support the probation officer's drug-quantity estimate. The probation officer responded that he believed the calculations in the PSI were accurate, stating:

> Pursuant to the provisions of USSG § 2D1.1, a base offense level of 38 is assigned to an amount of cocaine base of 1.5 kilograms or more. This was a long-term, ongoing conspiracy, and regardless of the defendant's actual involvement, it was reasonably foreseeable to him that collectively all of the defendants have distributed more than 1.5 kilograms of cocaine base. . . .

Walker also argued, inter alia, that he was eligible for a two-level safety-valve reduction under U.S.S.G. § 5C1.2.

At the sentencing hearing, defense counsel withdrew his objection with respect to drug quantity. Significantly, the district court adopted the factual findings and guideline calculations in the PSI, except that it found Walker eligible for the safety-valve reduction, which reduced his total offense level from 38 to 36 and enabled the court to impose a sentence below the statutory mandatory

3

minimum. Accordingly, Walker's applicable guideline range became 188 to 235 months' imprisonment, and the district court sentenced him to the low-end of that range.

On March 4, 2008, Walker filed a pro se motion for a reduced sentence under 18 U.S.C. § 3582(c)(2), arguing that the district court should reduce his sentence because Amendment 706 retroactively lowered his guideline range. In response, the government and the probation officer asserted that Walker was not eligible for a sentencing reduction under § 3582(c)(2) because he was responsible for 21 kilograms of crack cocaine and, therefore, Amendment 706 would not lower his applicable guideline range. Adopting this position, the district court denied Walker's § 3582(c)(2) motion.

## II.

"In a proceeding to modify a sentence under 18 U.S.C. § 3582(c)(2), we review de novo the district court's legal conclusions regarding the scope of its authority under the Sentencing Guidelines." United States v. White, 305 F.3d 1264, 1267 (11th Cir. 2002). "We review de novo questions of statutory interpretation." United States v. Maupin, 520 F.3d 1304, 1306 (11th Cir. 2008).

Section 3582(c) provides in relevant part:

The court may not modify a term of imprisonment once it has been imposed except that –

4

. . .

> (2) in the case of a defendant who has been sentenced to a term of imprisonment <u>based on a sentencing range that has subsequently been lowered</u> by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2) (emphasis added).  The Sentencing Commission's recently revised policy statement on retroactive amendments to the Guidelines similarly provides:

> In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. 3582(c)(2). As required by 18 U.S.C. 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

U.S.S.G. § 1B1.10(a)(1) (made effective on March 3, 2008, by Amendment 712).

This policy statement emphasizes that "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. 3582(c)(2) if . . . [a]n amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range."  U.S.S.G. § 1B1.10(a)(2)(B).

On November 1, 2007, the Sentencing Commission promulgated

5

Amendment 706, which amended the Drug Quantity Table in U.S.S.G. § 2D1.1(c). U.S.S.G. App. C, Amend. 706 (2007). The Commission made this amendment retroactively applicable, effective as of March 3, 2008. See U.S.S.G., App. C, Amend. 713 (Supp. May 1, 2008) (listing Amendment 706 under U.S.S.G. § 1B1.10(c) as a retroactively applicable amendment).

Before Amendment 706 took effect, a defendant received a base offense level of 38 under § 2D1.1(c)(1) if he was held accountable for 1.5 kilograms or more of crack cocaine; under the amended version of § 2D1.1(c)(1), however, a defendant receives a base offense level of 38 if he is held accountable for 4.5 kilograms or more of crack cocaine. See U.S.S.G. App. C, Amend. 706 (2007). Thus, under the amended version of § 2D1.1(c), a defendant held accountable for at least 1.5 kilograms but less than 4.5 kilograms of crack cocaine receives a base offense level of 36. See id.

## III.

In this case, the parties principally dispute whether Walker was sentenced "based on a range that has been subsequently lowered" by Amendment 706. 18 U.S.C. § 3582(c)(2). Walker contends that, because the sentencing court only held him accountable for 1.5 kilograms or more of crack cocaine, his base offense level would be reduced under the amended version of § 2D1.1.(c) from 38 to 36, thus

lowering the guideline range upon which his sentence was based. The government responds that Walker's base offense level would remain 38 under the current version of § 2D1.1(c)(1) because, by withdrawing his objection to drug quantity at sentencing, Walker admitted to the probation officer's finding that he was accountable for 21 kilograms of crack cocaine.

Contrary to Walker's argument, the sentencing court found Walker accountable for 21 kilograms of crack cocaine. This is so because, not only did the court adopt the probation officer's calculation of Walker's base offense level, it also adopted the factual findings in the PSI, including the probation officer's estimate that Walker was accountable for 21 kilograms of crack cocaine.

On appeal, the only substantive challenge that Walker mounts to this factual finding is that the government failed to meet its burden of proof that Walker was responsible for 21 kilograms of crack cocaine. However, the district court, operating in a § 3582(c)(2) proceeding, is bound by the factual determinations made at sentencing. United States v. Cothran, 106 F.3d 1560, 1562-63 & n.5 (11th Cir. 1997) (holding that the district court, in a § 3582(c)(2) proceeding, was bound by the sentencing court's factual determination regarding the number of marijuana plants attributed to the defendant).[1]

---

[1] Furthermore, even if Walker was permitted to challenge this factual finding, we agree with the government that he waived his ability to do so by affirmatively withdrawing his drug-quantity

In sum, because Walker was held responsible for 4.5 kilograms or more of crack cocaine, his base offense level would remain 38 even under the amended version of § 2D1.1(c)(1). Thus, Walker's sentence was not based on a range subsequently lowered by Amendment 706 and, for this reason, the district court lacked authority to grant him a sentencing reduction under § 3582(c)(2). See United States v. Moore, 541 F.3d 1323, 1330 (11th Cir. 2008) (holding that the district court lacked authority under § 3582(c)(2) to grant a sentencing reduction to defendants who were career offenders sentenced under U.S.S.G. § 4B1.1 because, while Amendment 706 would retroactively lower their base offense levels, it would not ultimately affect their guideline ranges); accord United States v. Thomas, __ F.3d __, No. 08-11492 (11th Cir. Oct. 23, 2008) (holding the same as applied to a defendant who was an armed career criminal sentenced under U.S.S.G. § 4B1.4). Accordingly, we affirm the district court's denial of Walker's § 3582(c)(2) motion.[2]

**AFFIRMED.**

objection at sentencing. United States v. Masters, 118 F.3d 1524, 1526 (11th Cir. 1997).

[2] We also conclude that Walker's remaining arguments, including his reliance on United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), are without merit and we do not discuss them further.