[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 27, 2009
THOMAS K. KAHN
CLERK

No. 08-14819
Non-Argument Calendar
_____

D. C. Docket No. 92-00170-CR-BH-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EDDIE OLIVER, JR.,
a.k.a. Bo Diddley,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(May 27, 2009)

Before BLACK, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

Eddie Oliver, Jr, proceeding pro se, appeals from the district court's denial

of his 18 U.S.C. § 3582(c)(2) motion for reduction of sentence based on

Amendments 439, 505, and 706 to the Sentencing Guidelines. On appeal, Oliver argues that the district court abused its discretion in denying his motion because Amendments 439, 505 and 706 should have been applied to his sentence. After thorough review, we affirm.

"We review a district court's decision not to reduce a sentence pursuant to § 3582(c)(2) for abuse of discretion." United States v. Moreno, 421 F.3d 1217, 1219 (11th Cir. 2005), cert. denied, 547 U.S. 1050 (2006). A district court may abuse its discretion by making an error of law. United States v. Brown, 332 F.3d 1341, 1343 (11th Cir. 2003) (citation omitted). If the district court errs in applying the guidelines, we must nevertheless ignore the errors if they were harmless. United States v. Foley, 508 F.3d 627, 634 (11th Cir. 2007). "[R]emand is required only if the sentence was imposed as a result of an incorrect application of the Guidelines." Williams v. United States, 503 U.S. 193, 202-03 (1992) (quotations and emphasis omitted).

Section 3582(c)(2) gives retroactive effect to particular amendments to the Sentencing Guidelines that subsequently lower the sentencing range upon which an earlier sentence was based. United States v. Pringle, 350 F.3d 1172, 1176 (11th Cir. 2003). The relevant policy statement on retroactive reduction of sentences provides that a sentence reduction is authorized under § 3582(c)(2) only where the

applicable amendment to the Guidelines Manual is enumerated in § 1B1.10(c). <u>See</u> U.S.S.G. § 1B1.10(a); <u>United States v. Pelaez</u>, 196 F.3d 1203, 1205 n.3 (11th Cir. 1999) (holding that only the amendments listed in § 1B1.10(c) may be applied retroactively using a § 3582(c)(2) motion). Even if an amendment applies retroactively, however, a reduction in the term of imprisonment is not authorized if the amendment does not have the effect of lowering the applicable guideline range. U.S.S.G. § 1B1.10(a)(2)(B); U.S.S.G. § 1B1.10 comment (n.1).

Amendment 505 amended U.S.S.G. § 2D1.1(c), by, <u>inter alia</u>, setting the base offense level for 1.5 kilograms or more of cocaine base at 38, where, previously, the level was as high as 42. U.S.S.G. app. C, amend. 505 (2006). The Sentencing Commission's policy statement on retroactive reduction of sentences, U.S.S.G. § 1B1.10, indicates that Amendment 505 is retroactively applicable. U.S.S.G. § 1B1.10(c). Amendment 505 became effective after Oliver was sentenced.

Amendment 706, which also became effective after Oliver was sentenced and applies retroactively, provides for a two-level reduction in the base offense level assigned to certain levels of crack cocaine listed in the Drug Quantity Table in U.S.S.G. § 2D1.1. U.S.S.G. App. C., Amend. 706; U.S.S.G. § 1B1.10(c). Before Amendment 706 took effect, a defendant received a base offense level of 38

under § 2D1.1(c)(1) if he was held accountable for 1.5 kilograms or more of crack cocaine; under the amended version of § 2D1.1(c)(1), however, a defendant receives a base offense level of 38 if he is held accountable for 4.5 kilograms or more of crack cocaine. See U.S.S.G. App. C, Amend. 706 (2007).

On the record here, we are not persuaded by Oliver's argument that the district court abused its discretion in denying his § 3582 motion. As an initial matter, Amendment 439 is not listed in the Sentencing Commission's policy statement on the retroactive reduction in sentences. See U.S.S.G. § 1B1.10(c). Therefore, Amendment 439 may not be applied retroactively through a § 3582(c)(2) motion, see Pelaez, 196 F.3d at 1205 n.3, and, therefore, any error of the district court in failing to consider Amendment 439 was harmless.

We likewise reject Oliver's claim regarding Amendment 505. As the record shows, Oliver's total offense level was calculated to be 45, but because U.S.S.G. § 5A n.2 stated that an offense level of more than 43 was to be treated as an offense level of 43, Oliver's total offense level was set at 43. Based on a total offense level of 43, and a criminal history category of III, the guideline range was life imprisonment. Even with a reduction of Oliver's base offense level to 38, with the enhancements applied at sentencing in 1993, Oliver's offense level would be 43. With an offense level of 43, and a criminal history category of III, Oliver's

sentencing range remains life imprisonment. See U.S.S.G. Chapter 5, Part A (1993). Thus, any error by the district court in denying Oliver eligibility for relief under Amendment 505 was harmless.

Nor would Amendment 706 affect his sentence. In Oliver's § 3582 motion, he conceded that he was held accountable for 11.23 kilograms of cocaine base. Therefore, Oliver's base offense level would remain unchanged even after Amendment 706 revised § 2D1.1(c)(1) because he was held responsible for more than 4.5 kilograms of crack cocaine. In short, Oliver's sentence was not based on a range subsequently lowered by Amendment 706 and the district court lacked authority to grant him a sentencing reduction under § 3582(c)(2) based on Amendment 706. See U.S.S.G. § 1B1.10(a)(2)(B); see also United States v. Moore, 541 F.3d 1323, 1330 (11th Cir. 2008) (holding that the district court lacked authority under § 3582(c)(2) to grant a sentencing reduction to defendants who were career offenders sentenced under U.S.S.G. § 4B1.1 because Amendment 706 would not ultimately affect their guideline ranges), cert. denied, McFadden v. United States, 129 S. Ct. 965 (2009), and cert. denied, __ S. Ct. __ (U.S. Mar. 9, 2009) (No. 08-8554); United States v. Walker, 301 F. App'x 844 (11th Cir. 2008) (unpublished opinion) (holding that the district court lacked authority under

§ 3582(c)(2) to grant a sentencing reduction to a defendant who was held accountable for more than 4.5 kilograms of crack cocaine).

Accordingly, we affirm.

**AFFIRMED.**