[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
October 23, 2008
THOMAS K. KAHN
CLERK

_____

No. 08-11492
Non-Argument Calendar

_____

D. C. Docket No. 98-08105-DTKH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BYRON KEITH THOMAS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(October 23, 2008)**

Before TJOFLAT, BLACK and CARNES, Circuit Judges.

PER CURIAM:

Byron Keith Thomas was convicted on a guilty plea of two counts of

possession with intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1). He went to trial on a charge of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and was found guilty of that charge. Thomas was sentenced on July 2, 1999. At sentencing the two drug count convictions and the felon in possession conviction were grouped together under U.S.S.G. § 3D1.2(c) because they involved substantially the same harm. Thomas' base offense level as calculated under U.S.S.G. § 2D1.1 was 14 based on the amount of crack cocaine, which was enhanced to 16 because of the specific offense characteristic of his firearm possession. Thomas' base offense level of 16, along with his criminal history category of VI, indicated a guidelines range of 46 to 57 months.

However, as a result of the application of the armed career criminal provisions of U.S.S.G. § 4B1.4(b)(3)(A), Thomas' offense level was increased to 34 because he had used or possessed a firearm in connection with a controlled substance offense. Therefore, Thomas' sentence was based on the guideline range applicable to armed career criminals—262 to 327 months—and he was sentenced to 295 months on the firearm possession count. On the two crack cocaine offenses, the district court sentenced Thomas to the statutory maximum of 240 months to run concurrently with the sentence on the firearm count.

Thomas appeals the district court's judgment denying his 18 U.S.C. § 3582(c)(2) motion for reduction of sentence. That motion was based on the retroactively applicable amendment to the crack cocaine guidelines. As we recently explained: ". . . Amendment 706 to the Sentencing Guidelines . . . together with Amendment 713, retroactively reduced the base offense levels applicable to crack cocaine offenses." United States v. Moore, 541 F.3d 1323, 1325 (11th Cir. 2008); see also U.S.S.G. App. C, Amend. 706 (2007); Amend. 713 (Supp. May 1, 2008).

We have subject matter jurisdiction over this appeal because the district court had subject matter jurisdiction to decide the motion for reduction of sentence. See Moore, 541 F.3d at 1326. Although Thomas filed his motion for re-sentencing before Amendment 706 became retroactively applicable on March 3, 2008, the district court did not rule on it until after the amendment became effective. Moore holds that under these circumstances there is jurisdiction. Id.

The defendants in Moore, just like Thomas, had their base offense levels calculated under U.S.S.G. § 2D.1.1, which determines the applicable level based on the quantity of drugs involved in the offense. Id. at 1325. The Moore defendants, also like Thomas, had their offense levels adjusted to either 37 or 34. Id. The district court adjusted the Moore defendants' offense levels because they

were classified as career offenders under U.S.S.G. § 4B1.1(a). Id. This Court held that because the defendants' sentences were based on the guideline ranges applicable to career offenders under § 4B1.1, their base levels under § 2D1.1 played no role in the calculation of their guideline ranges for sentencing. Id. at 1327. Therefore, Amendment 706's effect on their base offense levels made no difference in the sentencing ranges upon which their sentences were based. Id.

There is only one difference between this case and Moore: Thomas was sentenced under the guideline for armed career criminals, U.S.S.G. § 4B1.4, while the Moore defendants were sentenced under U.S.S.G. § 4B1.1. However, that difference in the applicable recidivist guideline does not call for a difference in result. The reasoning in Moore applies here as well. We explained in Moore that, "[w]here a retroactively applicable guideline amendment reduces a defendant's base offense level, but does not alter the sentencing range upon which his or her sentence was based, § 3582(c)(2) does not authorize a reduction in sentence." Id. at 1330.

The reduction of base offense levels in relation to crack cocaine quantities under U.S.S.G. § 2D1.1(c) has no effect on Thomas' sentencing range. See id. As was the case in Moore, Thomas would have been subject to exactly the same guidelines range if the provisions of Amendment 706 had been in effect at the time

4

he was originally sentenced because his sentence was based on the guideline range applicable to armed career criminals under U.S.S.G. § 4B1.4.

**AFFIRMED.**