[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 16, 2008
THOMAS K. KAHN
CLERK

No. 08-11943
Non-Argument Calendar
_____

D. C. Docket No. 94-14098-CR-WPD

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EDWIN REGINALD STRAUGHTER,
a.k.a. Pooh,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(December 16, 2008)

Before CARNES, BARKETT and KRAVITCH, Circuit Judges.

PER CURIAM:

Edwin Reginald Straughter, a federal prisoner proceeding <u>pro se</u>, appeals the

district court's denial of his motion to reduce his four concurrent life sentences under 18 U.S.C. § 3582(c)(2). The district court denied the motion because it found that Straughter was sentenced as a career offender, under U.S.S.G. 4B1.1, two of the underlying offenses called for a mandatory minimum life sentence, and, accordingly, Amendment 706 to the Sentencing Guidelines did not change his guideline range.

Although Straughter concedes that he was sentenced as a career offender, he argues that he still was eligible for a sentence reduction based on Amendment 706 to the Guidelines, Booker[1], and Booker's progeny. "In a proceeding to modify a sentence under 18 U.S.C. § 3582(c)(2), we review de novo the district court's legal conclusions regarding the scope of its authority under the Sentencing Guidelines." United States v. White, 305 F.3d 1264, 1267 (11th Cir. 2002). We review for an abuse of discretion a district court's decision whether to reduce a sentence pursuant to § 3582(c)(2). Id.

Under § 3582(c)(2), a district court has discretion to reduce the term of imprisonment of an already incarcerated defendant if that defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C.

---

[1] United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

§ 994(o)." 18 U.S.C. § 3582(c)(2). In such a case, the court may reduce the

defendant's sentence, after considering applicable § 3553(a) factors, "if such a

reduction is consistent with applicable policy statements issued by the Sentencing

Commission." Id.

The Sentencing Commission's policy statement on retroactive reduction of

sentences, U.S.S.G. § 1B1.10, provides that:

> In a case in which a defendant is serving a term of imprisonment, and
> the guideline range applicable to that defendant has subsequently been
> lowered as a result of an amendment to the Guidelines Manual listed
> in subsection (c) below, the court may reduce the defendant's term of
> imprisonment as provided by 18 U.S.C. § 3582(c)(2), and any such
> reduction in the defendant's term of imprisonment shall be consistent
> with this policy statement.

U.S.S.G. § 1B1.10(a)(1).[2] However, a reduction in the term of imprisonment is not

consistent with the Guidelines policy statement, and therefore not authorized by

§ 3582(c)(2), if "an amendment listed in subsection (c) does not have the effect of

lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B);

see also United States v. Armstrong, 347 F.3d 905, 909 (11th Cir. 2003) (stating

that only retroactively applicable amendments "that have the effect of lowering the

sentencing range upon which a sentence was based, may be considered for

---

[2] All citations to § 1B1.10 are to the version in the 2007 Guidelines Manual as modified by the May 1, 2008 Supplement. The May 1, 2008 Supplement supercedes the March 3, 2008 Supplement and, "when used in conjunction with the 2007 Guidelines Manual . . . constitutes the operative Guidelines Manual effective May 1, 2008." See U.S.S.G. Cover (Supp. May 1, 2008).

reduction of a sentence under § 3582(c)(2)"). Accordingly, a sentence reduction is not authorized where an amendment "is applicable to the defendant but . . . does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g. a statutory mandatory minimum term of imprisonment)." U.S.S.G. § 1B1.10, comment. (n.1(A)).

Amendment 706, which is listed in U.S.S.G. § 1B1.10(c), was made retroactive by Amendment 713. See U.S.S.G. App. C, Amend. 713 (Supp. May 1, 2008); U.S.S.G. § 1B1.10(c) (Supp. May 1, 2008); see also, United States v. Stratton, 519 F.3d 1305, 1307 (11th Cir. 2008). Amendment 706 reduced offense levels in certain crack cocaine cases by two levels, as reflected in the drug quantity table in U.S.S.G. § 2D1.1(c). See U.S.S.G. App. C, Amend. 706 (2007). Nevertheless, Amendment 706 does not serve as a basis for a sentence reduction if, based on the operation of another guideline or statutory provision, it does not lower a defendant's guideline range. U.S.S.G. § 1B1.10, comment. (n.1(A)).

In United States v. Moore, 541 F.3d 1323 (11th Cir. 2008), we recently held that defendants sentenced as career offenders under U.S.S.G. § 4B1.1 typically are not eligible for a sentence reduction under § 3582(c)(2) based on Amendment 706 because the Amendment would not affect their guideline ranges, even though it

4

reduced the base offense levels.  <u>Moore</u>, 541 F.3d at 1330.  Similarly, we have also held that defendants sentenced as armed career criminals under U.S.S.G. § 4B1.4 are not eligible for a sentence reduction under § 3582(c)(2).  <u>United States v. Thomas</u>, No. 08-11492, slip. op. at 210 (11th Cir. Oct. 23, 2008); <u>see also</u> <u>United States v. James</u>, No. 08-12067, manuscript op. at 5-6 (11th Cir. Nov. 12, 2008) (holding that defendant was not entitled to a § 3582(c)(2) sentence reduction when, based on the amount of crack and powder cocaine he was responsible for and an intervening change in the Guidelines, his offense level was higher under Amendment 706 than when he was sentenced).

Straughter was ineligible for a sentence reduction under § 3582(c)(2) because, although Amendment 706 may have reduced his crack cocaine base offense level, it did not affect his final guideline range, which was based on the career offender enhancement.  Likewise, in regards to counts one and five, Straughter was ineligible for a sentence reduction because the guideline range for those charges was based on the mandatory statutory life sentence, under U.S.S.G. § 5G1.1(b).

**AFFIRMED.**