[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 22, 2008
THOMAS K. KAHN
CLERK

----------------------------------------

No. 08-13257
Non-Argument Calendar

----------------------------------------

D.C. Docket No. 05-14002-CR-KAM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GERALDO BARRAZA-GARCIA,

Defendant-Appellant.

_____

No. 08-13258
Non-Argument Calendar

_____

D. C. Docket No. 05-14002-CR-KAM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GINNY MARIE MOORE,

Defendant-Appellant.

Appeals from the United States District Court
for the Southern District of Florida

**(December 22, 2008)**

Before EDMONDSON, Chief Judge, CARNES and WILSON, Circuit Judges.

PER CURIAM:

In this consolidated appeal, Geraldo Barraza-Garcia and Ginny Marie Moore ("Appellants"), federal prisoners convicted of crack cocaine offenses, appeal the denials of their motions to reduce their 72-month sentences, 18 U.S.C. § 3582(c)(2).[1] No reversible error has been shown; we affirm.

Appellants pleaded guilty to conspiracy to possess with intent to distribute 50 grams or more of crack cocaine. As such, both were subject to 120-month mandatory minimum sentences under 21 U.S.C. § 841(b)(1)(A). Because of the application of the mandatory minimum, the low end of Barraza-Garcia's Sentencing Guidelines range was reset to 120 months' imprisonment. See U.S.S.G. § 5G1.1(c)(2) (prohibiting a guidelines sentence below the statutory

---

[1]Appellants were indicted together on drug conspiracy charges. Here, they appeal from nearly identical district court orders and have raised identical arguments on appeal.

mandatory minimum sentence).[2] But the district court granted the government's substantial assistance motions, U.S.S.G. § 5K1.1, and both Appellants were sentenced below the mandatory minimum.

In their section 3582(c)(2) motions, Appellants sought sentencing reductions based on Amendment 706 to the guidelines, which retroactively reduced the base offense levels applicable to crack cocaine offenses. The district court determined that Appellants were unentitled to sentencing reductions because -- although Amendment 706 applied to them -- application of the mandatory minimum caused the amendment not to have the effect of lowering their guideline ranges.

We review for an abuse of discretion a district court's decision whether to reduce a sentence under section 3582(c)(2). United States v. Brown, 332 F.3d 1341, 1343 (11th Cir. 2003). On appeal, Appellants argue that the district court had authority to reduce their sentences because Amendment 706 lowered their base offense levels and sentencing ranges.

When a sentencing guideline is amended and given retroactive effect, the

---

[2]Before application of the mandatory minimum, Appellants' guideline ranges were calculated under U.S.S.G. § 2D1.1(c), based on the amount of drugs involved in their offense. After adjustments, Barraza-Garcia's guideline range was 108 to 135 months' imprisonment while Moore's was 140 to 175 months' imprisonment.

3

district court, "after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable," may reduce a previous sentence under the amendment "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2); see also U.S.S.G. § 1B1.10(a)(1). A reduction of a term of imprisonment is not "consistent with applicable policy statements issued by the Sentencing Commission" -- and is, therefore, unauthorized under section 3582(c)(2) -- if the retroactive amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B).

Amendment 706 reduced by two the offense levels under section 2D1.1 in crack cocaine cases. See U.S.S.G. App. C, Amend. 706 (2007). The Sentencing Commission made this amendment retroactively applicable, effective as of 3 March 2008, by incorporation into U.S.S.G. § 1B1.10(c). See U.S.S.G. App. C, Amend. 713 (Supp. May 1, 2008).[3]

We have explained that "a reduction under [section] 3582(c)(2) is not authorized where 'the amendment . . . is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable

---

[3]The 1 March 2008 Supplement has been superseded by the 1 May 2008 Supplement and, when used with the 2007 Manual, constitutes the operative Guidelines Manual effective 1 May 2008. See U.S.S.G. Cover (Supp. May 1, 2008).

guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment).'" <u>United States v. Moore</u>, 541 F.3d 1323, 1327-28 (11th Cir. 2008) (quoting U.S.S.G. § 1B1.10, cmt. n.1(A) (Supp. May 1, 2008)) (omission in original). In <u>Moore</u>, we concluded that Amendment 706 did not have the effect of lowering defendants' applicable guideline ranges (even though it did lower defendants' base offense levels under section 2D1.1) because defendants' guideline ranges were driven by their career offender statuses, U.S.S.G. § 4B1.1. <u>Id.</u> at 1328; <u>see</u> <u>also</u> <u>United States v. Thomas</u>, No. 08-11492, manuscript op. at 4 (11th Cir. Oct. 23, 2008) (extending <u>Moore</u>'s reasoning to defendant sentenced as armed career criminal, U.S.S.G. § 4B1.4).

We conclude that the district court abused no discretion in denying Appellants' section 3582(c)(2) motions. While Amendment 706 applied to Appellants and reduced their base offense levels, it did not lower their guideline ranges because of the operation of the applicable statutory mandatory minimum; that is, Appellants' guideline ranges could not go below 120 months, no matter their base offense levels as calculated based on drug quantity. That Appellants received section 5K1.1 downward departures does not change this outcome. <u>See</u> <u>Moore</u>, 541 F.3d at 1330 (two defendants who received downward departures

5

despite being labeled career offenders unentitled to sentencing reduction because career offender designation drove their final guideline ranges).[4]

AFFIRMED.

---

[4]We reject Appellants' argument that being ineligible to receive additional sentencing reductions penalizes them in comparison to defendants who do not offer substantial assistance; Appellants are ineligible for a reduction because of the mandatory minimum, not because they received section 5K1.1 downward departures.  And because Appellants were ineligible for a sentencing reduction, the district court was not required to consider sentencing disparities between crack and power cocaine offenses or other section 3553(a) factors.