[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 05, 2009
THOMAS K. KAHN
CLERK

No. 08-11528
Non-Argument Calendar

_____

D. C. Docket No. 06-80052-CR-DTKH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ORESTE DEL SOL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(January 5, 2009)**

Before ANDERSON, BIRCH and HULL, Circuit Judges.

PER CURIAM:

Oreste Del Sol, a federal prisoner serving a 120-month mandatory minimum

sentence for the commission of a crack cocaine offense, appeals the district court's refusal to reduce his sentence based on an amendment to U.S.S.G. § 2D1.1 that lowered the base offense levels applicable to crack cocaine offenses. Del Sol contends that the existence of the statutory mandatory minimum did not prevent the district court from sentencing him in accordance with U.S.S.G. Amendment 706, which otherwise lowered the base offense level for crack cocaine offenses. He further asserts that the district court erred by not considering the § 3553(a) factors when ruling on his motion, particularly that his sentence was "greater than necessary" to satisfy the purposes of sentencing. Finally, he argues that 21 U.S.C. § 841(b)(1)(A) violates the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution.

We review for abuse of discretion a district court's decision not to reduce a sentence, pursuant to 18 U.S.C. § 3582(c)(2), based on a subsequent change in the Sentencing Guidelines. United States v. Brown, 332 F.3d 1341, 1343 (11th Cir. 2003). In a § 3582(c)(2) proceeding, "we review de novo the district court's legal conclusions regarding the scope of its authority under the Sentencing Guidelines." United States v. White, 305 F.3d 1264, 1267 (11th Cir. 2002). "We review de novo questions of statutory interpretation." United States v. Maupin, 520 F.3d

1304, 1306 (11th Cir. 2008).[1]

A district court generally may not modify a term of imprisonment once it has been imposed. See 18 U.S.C. § 3582(c). An exception, however, states:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). A reduction of a term of imprisonment is not "consistent with applicable policy statements issued by the Sentencing Commission" – and is, therefore, not authorized under § 3582(c)(2) – if the retroactive amendment does not have the effect of lowering the defendant's applicable guideline range. U.S.S.G. § 1B1.10(a)(2)(B).

When a district court sentences a defendant under the guidelines, and a statutorily required minimum sentence is "greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence." U.S.S.G. § 5G1.1(b). Furthermore, the district court is precluded from reducing a defendant's term of imprisonment under § 3582(c)(2) to

---

[1] For purposes of this appeal, we will assume that Del Sol presented each of the preceding arguments to the district court in the first instance, although that is not entirely clear from the present record.

a term that is less than the minimum of an amended guideline range.  U.S.S.G. § 1B1.10(b)(2)(A).

The Sentencing Commission amended the drug quantity table in U.S.S.G. § 2D1.1(c), in November 2007, following Del Sol's sentence, to reduce offense levels in cocaine base ("crack cocaine") cases by two levels.  See U.S.S.G. App. C, Amend. 706 (2007).  The Amendment was made retroactive as of March 3, 2007, by incorporation into § 1B1.10(c).  See U.S.S.G. App. C, Amend 713 (Supp. May 1, 2008).[2]  Although the retroactive effect of Amendment 706 allows some defendants to seek sentence reductions, a defendant whose original sentence ultimately was based on something other than the offense level calculation under § 2D1.1 is precluded from receiving a reduction because the amendment does not have the effect of lowering the applicable guideline range.  See U.S.S.G. § 1B.10(a)(2)(B).  This occurs where, as here, the defendant was sentenced to a mandatory minimum sentence.  See U.S.S.G. § 1B1.10, comment (n.1) (noting that eligibility under § 3582 is "triggered only by an amendment listed in subsection (c) that lowers the applicable guideline range").

We have noted that "Congress has only authorized departures from statutory

---

[2] The March 1, 2008 Supplement has been superceded by the May 1, 2008 Supplement and, when used with the 2007 Manual, constitutes the operative Guidelines Manual effective May 1, 2008.  See U.S.S.G. Cover (Supp. May 1, 2008).

mandatory minimums in limited circumstances." United States v. Ciszkowski, 492 F.3d 1264, 1270 (11th Cir. 2007) (finding that the only two circumstances in which a court can depart downward from a statutory minimum sentence are when the government files a motion to recognize a defendant's substantial assistance pursuant to 18 U.S.C. § 3553(e), or a defendant falls within the provisions of the "safety valve" embodied in 18 U.S.C. § 3553(f)). Further, in Kimbrough v. United States, 552 U.S. ___, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007), the Supreme Court held that a district court has authority to grant a variance based on the crack-to-powder cocaine disparity, but a district court must still follow mandatory statutory minimum sentences. Kimbrough, 552 U.S. at ___, 128 S.Ct. at 573-74 (noting that district courts remain "constrained by the mandatory minimums Congress prescribed in the 1986 Act"). Likewise, Booker,[3] did not affect the mandatory nature of statutory minimum sentences. See Ciszkowski, 492 F.3d at 1270 (holding that, even after Booker, courts are still bound by statutory minimum penalties). Similarly, we have held that a § 3582 proceeding is not the forum in which to raise challenges to matters that are not related to the permissible grounds for departure, as defined in the text of § 3582. See United States v. Bravo, 203 F.3d 778, 782 (11th Cir. 2000) (rejecting defendant's Eighth Amendment-based

---

[3] United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

5

argument in a § 3582 as an extraneous resentencing issue that should be brought in a 28 U.S.C. § 2255 proceeding).

In United States v. Moore, 541 F.3d 1323 (11th Cir. 2008), we recently held that, if the defendant was sentenced as a career offender under U.S.S.G. § 4B1.1(a) and the sentencing range was not affected by U.S.S.G. § 2D1.1, then the sentence was not "based on a sentencing range that has subsequently been lowered." Id. at 1325-30. We explained that "where a retroactively applicable guideline amendment reduces a defendant's base offense level, but does not alter the sentencing range upon which his or her reduction was based, § 3582(c)(2) does not authorize a reduction in sentence." Id. at 1330. Similarly, in United States v. Thomas, 545 F.3d 1300, 1302 (11th Cir. 2008), we found that the reasoning in Moore applied to a defendant sentenced under the guideline for armed career criminals, U.S.S.G. § 4B1.4. Most significantly, in United States v. Williams, __ F.3d __, slip op. at 6 (11th Cir. Nov. 26, 2008), we held that the same reasoning applied to a defendant sentenced pursuant to a minimum mandatory term of imprisonment.

Because Del Sol was sentenced to an applicable statutory mandatory minimum term of imprisonment, resulting in a sentence that ultimately was based on something other than the offense level calculation under § 2D1.1, Amendment

6

706 did not reduce his sentencing range, and he was precluded from receiving a

sentence reduction under § 3582(c)(2). Accordingly, we affirm the district court's

denial of a reduction.

**AFFIRMED.**