[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 27, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-16110
Non-Argument Calendar

_____

D. C. Docket No. 00-00650-CR-PCH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TAVARES ONTARIO WIGGINS,
a.k.a. Tavaris Wiggins,
a.k.a. Tavares Williams,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 27, 2009)

Before BIRCH, BLACK and HULL, Circuit Judges.

PER CURIAM:

Tavares Ontario Wiggins appeals the district court's denial of his motion for reduction of sentence, filed pursuant to 18 U.S.C. § 3582(c)(2). Wiggins' § 3582(c)(2) motion was based on Amendment 706 to the United States Sentencing Guidelines, which reduced base offense levels applicable to crack cocaine. Wiggins asserts *United States v. Thomas*, 545 F.3d 1300 (11th Cir. 2008), and *United States v. Moore*, 541 F.3d 1323 (11th Cir. 2008), *cert. denied*, *McFadden v. United States*, 129 S. Ct. 965 (2009), *and cert. denied*, 129 S. Ct. 1601 (2009)*, were wrongly decided to the extent we held the crack-cocaine guideline amendments are not applicable to defendants originally sentenced as career offenders or armed career criminals.

"[This Court] review[s] *de novo* a district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2)." *United States v. James*, 548 F.3d 983, 984 (11th Cir. 2008). A district court may modify a term of imprisonment in the case of a defendant who was sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). "[A] reduction under § 3582(c)(2) is not authorized where 'the amendment . . . is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range *because of the operation of another guideline . . . .*'"

2

*Moore*, 541 F.3d at 1327-28 (quoting U.S.S.G. § 1B1.10, comment. (n.1(A))).

"[A] prior panel's holding is binding on all subsequent panels unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this court sitting *en banc*." *United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008).

Wiggins' arguments are foreclosed by our precedent in *Thomas* and *Moore*. The district court did not err in denying Wiggins' § 3582(c)(2) motion because Wiggins qualified as a career offender under U.S.S.G. § 4B1.1 and his base offense level was ultimately calculated pursuant to the armed career-criminal guidelines in U.S.S.G. 4B1.4., and § 2D1.1 was not the basis for his sentence.[1] *See Moore*, 541 F.3d at 1327-28 (holding that Amendment 706, which lowered base offense levels

---

[1] Wiggins was found guilty by a jury of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e); possession with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C); possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(D); and use of a firearm in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c). The presentence investigation report (PSI) initially calculated Wiggins' base offense level at 24, pursuant to U.S.S.G. 3D1 and 2K2.1(a)(2). Nevertheless, the PSI determined Wiggins qualified as a career offender under § 4B1.1(a), and, because the statutory maximum penalty for the instant offense was 20 years' imprisonment, the PSI calculated Wiggins' offense level at 32. The PSI also determined that, because Wiggins qualified as an armed career offender under § 4B1.4(a), his offense level was increased to 34, pursuant to § 4B1.4(b)(3)(A). The PSI also stated Wiggins should be given a mandatory five-year consecutive sentence for the § 924 offense. Based on a total offense level of 34, and a criminal history category of VI, the Guidelines imprisonment range was 262 to 327 months' imprisonment. The district court sentenced Wiggins to concurrent terms of 262 months' imprisonment on the felon-in-possession of a firearm offense, 240 months' imprisonment on the crack-cocaine offense, and 60 months' imprisonment on the marijuana offense. The district court also imposed a 60-month consecutive sentence for the § 924 violation, resulting in a total term of 322 months' imprisonment.

under § 2D1.1, could not provide relief to defendants convicted of crack-cocaine offenses who were sentenced as career offenders under § 4B1.1, because § 2D1.1 "played no role" in the calculation of their guideline ranges); *Thomas*, 545 F.3d at 1302 (holding that Amendment 706 could not provide relief to defendant who had been sentenced under the armed career-criminal guidelines in § 4B1.4 because § 2D1.1 played no role in calculation of his guideline range). Accordingly, we affirm.

**AFFIRMED.**