[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-15508
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 28, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 91-00172-CR-T-26-TGW

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTHONY TERRY JONES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(May 28, 2009)

Before TJOFLAT, BLACK and PRYOR, Circuit Judges.

PER CURIAM:

Anthony Terry Jones appeals the district court's determination he was ineligible for a reduction of his sentence, pursuant to 18 U.S.C. § 3582(c)(2). Jones requested relief based on Amendment 706 to the Sentencing Guidelines, which reduced the base offense levels applicable to crack cocaine offenses. On appeal, Jones argues the district court erred in finding he was ineligible for a reduced sentence. Additionally, while he concedes he was sentenced as an armed career criminal, pursuant to U.S.S.G. § 4B1.4, he contends the classification was improper. He further argues the 60-month consecutive sentence he received for violating 18 U.S.C. § 924(c) and (e) was illegal. Finally, he argues that, because the guidelines are advisory under *United States v. Booker*, 125 S. Ct. 738 (2005), his sentence was unreasonable, especially in light of the sentencing disparity between crack and powder cocaine.

"We review *de novo* a district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2)." *United States v. James*, 548 F.3d 983, 984 (11th Cir. 2008). A district court may reduce a term of imprisonment in the case of a defendant who was sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). Any reduction, however, must be "consistent with applicable policy statements issued by the Sentencing

Commission." *Id.* The applicable policy statements, found in U.S.S.G. § 1B1.10, state a reduction of a term of imprisonment is not authorized if the retroactive amendment does not have the effect of lowering the defendant's applicable guideline range. U.S.S.G. § 1B1.10(a)(2)(B).

Jones's arguments are foreclosed by precedent. The district court did not have authority to reexamine Jones's status as an armed career criminal or the constitutionality of his firearm conviction. *See United States v. Moreno*, 421 F.3d 1217, 1220 (11th Cir. 2005) (noting that, except for the amended guideline range, all of the court's original sentencing determinations remain unchanged in a § 3582(c)(2) proceeding). Furthermore, we recently held a defendant sentenced as an armed career criminal, pursuant to § 4B1.4, is not entitled to § 3582 relief. *See United States v. Thomas*, 545 F.3d 1300, 1302 (11th Cir. 2008) (holding the base offense levels under U.S.S.G. § 2D1.1 played no role in the calculation of the guideline ranges for armed career criminals, and, therefore, a reduction in the guideline range under § 2D1.1 does not affect the guideline range under § 4B1.4). Finally, *Booker* does not entitle Jones to relief. *See United States v. Jones*, 548 F.3d 1366, 1369 (11th Cir. 2008) (holding *Booker* did not provide the district court with an independent jurisdictional basis to reduce a sentence pursuant to

§ 3582(c)(2)), *cert. denied*, (U.S. Mar. 23, 2009) (No. 08-8865).  Accordingly, we affirm.

**AFFIRMED.**