[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 17, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-11702
Non-Argument Calendar

_____

D. C. Docket No. 94-00285-CR-T-27TBM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTHONY MORALES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(September 17, 2009)

Before EDMONDSON, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

Anthony Morales, a pro se federal prisoner convicted of a crack cocaine offense, appeals the denial of his motion for a reduced sentence, 18 U.S.C. § 3582(c)(2), based on Amendment 706 to the Sentencing Guidelines.[1] The district court denied the section 3582(c)(2) motion because Morales had been sentenced as a career offender and an armed career criminal. No reversible error has been shown; we affirm.

On appeal, Morales argues that Amendment 706 applies to him because his sentencing calculations began with the drug quantity table. He also argues that United States v. Booker, 125 S.Ct. 738 (2005), gives the court more discretion to reduce his sentence under section 3582(c)(2). We review de novo the district court's legal conclusions about the scope of its authority in a section 3582(c)(2) proceeding. United States v. Moore, 541 F.3d 1323, 1326 (11th Cir. 2008), cert. denied, McFadden v. United States, 129 S.Ct. 965 (2009), and cert. denied, 129 S.Ct. 1601 (2009).

Here, the district court committed no error in denying Morales's section 3582(c)(2) motion. Because Morales was sentenced based on the career-offender

---

[1]Amendment 706 -- which became retroactive on 3 March 2008, U.S.S.G. App. C, Amend. 713 (Supp. 1 May 2008) -- reduced by two the base offense levels in crack cocaine sentences calculated pursuant to the drug quantity table, U.S.S.G. § 2D1.1(c).

and armed career criminal offense levels instead of the offense level determined by drug quantity, he was ineligible for a sentence reduction under Amendment 706. See id. at 1330 (concluding that the district court had no authority to reduce the sentence of a defendant who was sentenced as a career offender under U.S.S.G. § 4B1.1); United States v. Thomas, 545 F.3d 1300, 1302 (11th Cir. 2008) (Amendment 706 had no effect on defendant's sentencing range when he had been sentenced as an armed career criminal, U.S.S.G. § 4B1.4).

Morales's other arguments in support of section 3582(c)(2) relief are unavailing. Morales argues that the court could have granted him a downward departure based on his consent to deportation upon release; but the court was not permitted to reconsider guideline applications, except to the extent they were changed by Amendment 706. See United States v. Bravo, 203 F.3d 778, 781 (11th Cir. 2000) (explaining that a sentence reduction under section 3582(c)(2) is not a de novo resentencing and "all original sentencing determinations remain unchanged with the sole exception of the guideline range that has been amended since the original sentencing"). And Booker provides no independent basis for section 3582(c)(2) relief. See United States v. Moreno, 421 F.3d 1217, 1220 (11th Cir. 2005) (explaining that Booker does not provide a basis for relief under section 3582(c)(2) because it "is a Supreme Court decision, not a retroactively applicable

3

guideline amendment by the Sentencing Commission").

AFFIRMED.