[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Sept. 17, 2009
THOMAS K. KAHN
CLERK

No. 09-12732
Non-Argument Calendar

_____

D. C. Docket No. 07-00115-CR-2-RDP-PWG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CALVIN FITZGERALD TANNEHILL,
a.k.a. Eric Fitzgerald Tannehill,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(September 17, 2009)

Before CARNES, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

Calvin Fitzgerald Tannehill, proceeding pro se, appeals the district court's

denial of his pro se motion for a reduced sentence, pursuant to 18 U.S.C. § 3582(c)(2) and Amendments 706 and 709 to the Sentencing Guidelines.

As for Amendment 706, Tannehill's guideline range was based on his armed career criminal status. We held in United States v. Thomas, 545 F.3d 1300, 1302 (11th Cir. 2008), that a defendant whose guideline range was based on his status as an armed career criminal is not entitled to relief under § 3582(c)(2) and Amendment 706. Tannehill's argument that he should not have been sentenced as a career offender to begin with is outside the scope of a § 3582(c)(2) proceeding.

As for Amendment 709, which modified the manner in which a defendant's criminal history points are calculated, Tannehill did not raise that issue until his reply brief. See United States v. Magluta, 418 F.3d 1166, 1185 (11th Cir. 2005) (issues not raised until the reply brief will not be considered). In any event, Amendment 709 is not included in the list of retroactive Guideline amendments set forth in U.S.S.G. § 1B1.10(c). See U.S.S.G. App. C, Amend. 709; U.S.S.G. § 1B1.10(c).

**AFFIRMED.**