[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-15896
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 16, 2012
JOHN LEY
CLERK

D.C. Docket No. 9:98-cr-08105-DTKH-1


UNITED STATES OF AMERICA,

                                                    Plaintiff-Appellee,

                          versus

BYRON KEITH THOMAS,

                                                    Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(April 16, 2012)

Before CARNES, HULL and WILSON, Circuit Judges.

PER CURIAM:

Byron Keith Thomas, a federal prisoner convicted of two crack cocaine offenses and a firearm offense, appeals the denial of his 18 U.S.C. § 3582(c)(2) motion for a sentence reduction. After review, we affirm.[1]

Under § 3582(c)(2), a district court has the authority to modify a defendant's term of imprisonment if the defendant's sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. [§] 994(o)." 18 U.S.C. § 3582(c)(2); see also U.S.S.G. § 1B1.10(a)(1). However, if the retroactively applicable amendment to the guidelines "reduce[d] a defendant's base offense level, but does not alter the sentencing range upon which his or her sentence was based, § 3582(c)(2) does not authorize a reduction in sentence." United States v. Moore, 541 F.3d 1323, 1330 (11th Cir. 2008); see also U.S.S.G. § 1B1.10(a)(2)(B).

A sentence reduction is not authorized if the amendment does not lower a defendant's applicable guidelines range "because of the operation of another guideline or statutory provision." U.S.S.G. § 1B1.10 cmt. n.1(A). Thus, when defendant's applicable guidelines range is determined by his status as an armed career criminal, pursuant to U.S.S.G. § 4B1.4, and not by the amount of crack

---

[1]"We review de novo a district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2)." United States v. James, 548 F.3d 983, 984 (11th Cir. 2008).

cocaine involved in his offense, pursuant to U.S.S.G. § 2D1.1(c), the defendant is not eligible for § 3582(c)(2) relief based on recent amendments to the base offense levels in § 2D1.1(c) for crack cocaine offenses. See, e.g., United States v. Thomas, 545 F.3d 1300, 1301-02 (11th Cir. 2008) (involving § 3582(c)(2) motion based on Amendment 706).

Here, the district court did not err in denying Thomas's § 3582(c)(2) motion. Thomas's motion was based on Amendment 750, which changed the drug quantity tables in U.S.S.G. § 2D1.1(c) to conform to the Fair Sentencing Act of 2010. See U.S.S.G. app. C, amends. 750, 759 (making Amendment 750 retroactive); U.S.S.G. § 1B1.10(c) (listing Amendment 750 as an amendment for which a defendant may file a § 3582(c)(2) motion). Because Thomas was designated an armed career criminal at his original sentencing, his offense level was based on U.S.S.G. § 4B1.4, not on the drug quantity tables in U.S.S.G. § 2D1.1(c). See Thomas, 545 F.3d at 1301.[2] Thus, Amendment 750 had no effect on Thomas's ultimate sentencing range.

---

[2]Thomas involved a prior § 3582(c)(2) motion filed by the same defendant, Byron Keith Thomas, but brought pursuant to Amendment 706, a 2007 amendment that lowered the offense levels in U.S.S.G. § 2D1.1(c) for crack cocaine offenses. In Thomas, we affirmed the district court's denial of Thomas's § 3582(c)(2) motion because Thomas was sentenced as an armed career criminal under U.S.S.G. § 4B1.4. 545 F.3d at 1301. Thomas concedes that our earlier Thomas opinion controls, but states that he brings his challenge to preserve it for possible future appeals.

We find no merit to Thomas's argument that he is eligible for § 3582(c)(2) relief because U.S.S.G. § 4B1.4's armed career criminal enhancement applied only to his firearm conviction (Count 1) and not to his two crack cocaine convictions (Counts 2 and 3). At sentencing, the district court grouped all three counts for purposes of calculating Thomas's offense level, pursuant to U.S.S.G. § 3D1.2(c). The court then determined that the applicable offense level was 34, pursuant to U.S.S.G. § 4B1.4(b)(3)(A). Thus, Thomas's offense level for all three counts was based on § 4B1.4(b)(3)(A), which was not changed by Amendment 750.

For these reasons, the district court correctly concluded that Thomas was ineligible for a § 3582(c)(2) sentence reduction.

**AFFIRMED.**