[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-14129
Non-Argument Calendar
_____

D.C. Docket No. 1:00-cr-00650-PCH-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TAVARES ONTARIO WIGGINS,
a.k.a. Tavaris Wiggins,
a.k.a. Tavares Williams,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(May 28, 2013)

Before TJOFLAT, PRYOR and BLACK, Circuit Judges.

PER CURIAM:

Tavares Wiggins appeals the district court's denial of his motion to reduce his sentence under 18 U.S.C. § 3582(c)(2). We affirm.[1]

Wiggins argues his sentence, imposed under 18 U.S.C. § 924(e) and U.S.S.G. § 4B1.4 for being an armed career criminal, should be reduced based on Amendments 750 and 706 to the Sentencing Guidelines. Wiggins does not have a meritorious claim.

Amendment 750 provides Wiggins no basis for relief, as that amendment does not affect armed-career-criminal sentences imposed pursuant to § 4B1.4. *See* U.S.S.G. App. C, Amend. 750 (reducing the base offense levels for crack cocaine offenses); *see also United States v. Bravo*, 203 F.3d 778, 780–81 (11th Cir. 2000). Also, Wiggins's claim premised on Amendment 706 is not only legally meritless, *cf. United States v. Moore*, 541 F.3d 1323, 1327–28 (11th Cir.2008), but is also barred under the law-of-the-case doctrine, *see United States v. Escobar-Urrego*, 110 F.3d 1556, 1560–61 (11th Cir. 1997). Because Wiggins's previous § 3582(c)(2) motion based on Amendment 706 failed, *see United States v. Wiggins*, 331 F. App'x 648, 648–49 (11th Cir. 2009), his present § 3582(c)(2)

---

[1] We review *de novo* the district court's legal conclusions regarding the scope of its authority under the Sentencing Guidelines. *United States v. Moore*, 541 F.3d 1323, 1326 (11th Cir. 2008). We may affirm for any reason supported by the record, even if not relied upon by the district court. *United States v. Al-Arian*, 514 F.3d 1184, 1189 (11th Cir. 2008).

motion based on an identical Amendment 706 claim must fail, *see United States v. Tamayo*, 80 F.3d 1514, 1520 (11th Cir. 1996) (noting that appellate decisions "bind[] all subsequent proceedings in the same case").

Wiggins's remaining arguments are also unavailing.  The Fair Sentencing Act ("FSA") does not support Wiggins's motion because that law did not affect the armed-career-criminal provisions pursuant to which Wiggins was sentenced.  *See* Pub. L. No. 111-120, 124 Stat. 2372 (2010) (increasing the amounts of crack cocaine required to trigger 21 U.S.C. § 841(b)(1)'s statutory-maximum and mandatory minimum sentences).  We also reject Wiggins's claim the Sentencing Commission violated the Administrative Procedures Act by declaring in a policy statement that the FSA is inapplicable to career offenders.  Because the Sentencing Commission's policy statements are not proposed guidelines, they are not subject to the APA's notice-and-comment requirements.  *See United States v. Colon*, 707 F.3d 1255, 1261–62 (11th Cir. 2013).  Wiggins has offered no legitimate reason his sentence should be reduced, and therefore the district court did not err in denying his § 3582(c)(2) motion.

The district court's order denying Wiggins's § 3582(c)(2) motion is

**AFFIRMED.**

3