[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-16052
Non-Argument Calendar
_____

D.C. Docket No. 7:92-cr-00011-HL-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTONIO QUINN TERRY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(July 18, 2013)

Before MARTIN, JORDAN, and FAY, Circuit Judges.

PER CURIAM:

Antonio Quinn Terry, proceeding through counsel, appeals the district

court's denial of his motion for a sentence reduction, pursuant to 18 U.S.C.

§ 3582(c)(2) and Amendment 750.   For the reasons set forth below, we affirm the district court's denial of Terry's § 3582(c)(2) motion.

## I.

In 1992, Terry pled guilty to possession with intent to distribute cocaine base ("crack cocaine") and possession of a firearm by a convicted felon.  The presentence investigation report ("PSI") calculated Terry's base offense level, pursuant to U.S.S.G. § 2K2.1.  However, because Terry was an armed career criminal, his guideline range was calculated pursuant to U.S.S.G. § 4B1.4.  Terry was sentenced to a total sentence of 300 months' imprisonment.  In 2011, Terry filed a § 3582(c)(2) motion based on Amendment 750 and the Fair Sentencing Act of 2010 ("FSA"), Pub. L. No. 111-220, 124 Stat. 2372.  After the government responded, the district court determined that Terry was not eligible for a § 3582(c) reduction based on Amendment 750, because his sentence was not based on any drug-related guidelines.  Further, the FSA was not applicable to Terry because he was sentenced in 1992.  Thus, the court determined that he was not entitled to a sentence reduction.

## II.

On appeal, Terry argues that he was entitled to a sentence reduction notwithstanding his career offender status.[1]  Citing to *Freeman v. United States*,

---

[1]  Terry erroneously refers to himself as a career offender throughout his brief.

564 U.S. ___, 131 S.Ct. 2685, 180 L.Ed.2d 519 (2011), he argues that his sentence was based on U.S.S.G. § 2D1.1(c), which was amended by Amendment 750, because § 2D1.1(c) remained a point of reference throughout the process of calculating his guideline range.  Terry argues that we should not rely on our decision in *United States v. Lawson*, 686 F.3d 1317 (11th Cir.), *cert. denied*, 133 S.Ct. 568 (2012), in the instant case because it relies unduly on Justice Sotomayor's concurrence, which was not the controlling opinion in the case, does not specifically address career offenders, and lacks any in-depth analysis of the FSA's background.  Terry further argues that he was entitled to be resentenced under the FSA's reduced statutory penalties for crack-cocaine offenses.  In his reply brief, Terry also argues that *United States v. Berry*, 701 F.3d 374 (11th Cir. 2012), and *United States v. Hippolyte*, 712 F.3d 535 (11th Cir. 2013), are distinguishable from his case.

We review *de novo* the district court's legal conclusions about the scope of its authority under § 3582(c)(2).  *Lawson*, 686 F.3d at 1319.  Section 3582(c)(2) provides that a court may reduce a defendant's sentence where the defendant is sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission.  18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10(a)(1).

In *United States v. Moore*, we held that a career offender is not entitled to

3

§ 3582(c)(2) relief where a retroactive guideline amendment reduces his base offense level, but does not alter the sentencing range upon which his sentence was based.  541 F.3d 1323, 1330 (11th Cir. 2008).  We further held that the rationale of *Moore* is applicable to armed career criminals, notwithstanding the fact that armed career criminals were sentenced under § 4B1.4 and career offenders were sentenced under U.S.S.G. § 4B1.1.  *United States v. Thomas*, 545 F.3d 1300, 1302 (11th Cir. 2008).  In *Lawson*, we rejected a career offender's argument that, in light of the Supreme Court's decision in *Freeman*, the holding of *Moore* was overruled, such that he was entitled to a sentence reduction based on § 3582(c)(2) and Amendment 750, despite his sentence being based on the career offender guideline. *Lawson*, 686 F.3d at 1319-21.  In *Freeman*, the question before the Supreme Court was whether defendants who entered into Fed.R.Crim.P. 11(c)(1)(C) plea agreements were eligible for § 3582(c)(2) relief.  *Freeman*, 564 U.S. at ____, 131 S.Ct. at 2690.  Neither the plurality opinion nor Justice Sotomayor's concurrence in *Freeman* addressed defendants who were assigned a base offense level under one guideline section, but who were ultimately assigned a total offense level and guideline range under § 4B1.1.  *Lawson*, 686 F.3d at 1321.  Thus, *Freeman* did not overrule *Moore*'s holding that a career offender was not entitled to § 3582(c)(2) relief where his guideline range was not lowered by a retroactive amendment because it was not "clearly on point" to the issue that arose in *Moore*.  *Id.*

4

(quotation omitted).  Accordingly, we held that Lawson, a career offender, was not entitled to relief based on Amendment 750 and § 3582(c)(2), as his guideline range based on § 4B1.1 was not reduced by Amendment 750.  *Id.*

In *Berry*, we addressed the applicability of Amendment 750 and the FSA in the context of an § 3582(c)(2) proceeding.  701 F.3d at 376-77.  Berry was convicted of a crack cocaine offense and sentenced in 2002, and his initial guideline range was 360 months to life imprisonment, which was based on his status as a career offender under § 4B1.1(b), not on the drug quantity tables in § 2D1.1.  *Id.* at 376.  On appeal, we held that the district court did not have the authority to grant Berry's § 3582(c)(2) motion because Amendment 750 had no effect on Berry's initial guideline range of 360 months to life imprisonment or his guideline sentence of life imprisonment.  *Id.* at 377.  In addition, we rejected Berry's argument that he was eligible for a § 3582(c)(2) reduction under the FSA, determining that the FSA was not an amendment to the Guidelines by the Sentencing Commission, but rather a statutory change by Congress.  *Id.*  Thus, it did not serve as a basis for a § 3582(c)(2) sentence reduction in Berry's case.  *Id.*  Even assuming that Berry could bring his FSA claim in a § 3582(c)(2) motion, his claim still failed because he was convicted and sentenced in 2002 and the FSA did not apply retroactively to his 2002 sentences.  *Id.*  We pointed out that the general savings clause in 1 U.S.C. § 109 states that the repeal of a statute shall not have the

effect of releasing or extinguishing any penalty incurred under that statute unless the repealing Act expressly so provides. *Id.* We then agreed with "every other circuit to address the issue" that there was no evidence that Congress intended the FSA to apply to defendants who had been sentenced before the August 3, 2010, date of the FSA's enactment. *Id.* Finally, we distinguished the Supreme Court's decision in *Dorsey v. United States*, 567 U.S. ___, 132 S.Ct. 2321, 183 L.Ed.2d 250 (2012), noting that *Dorsey* did not suggest that the FSA's new mandatory minimums should apply to defendants, like Berry, who were sentenced before the FSA's effective date. *Berry*, 701 F.3d at 377-78.

In *Hippolyte*, we rejected Hippolyte's arguments (1) that Congress intended for the FSA to apply to drug-crime sentence reductions under § 3582(c)(2) for the same reasons articulated in *Dorsey* and (2) that it would be inconsistent to apply the more lenient sentencing ranges of Amendment 750, but keep the harsh pre-FSA mandatory minimums in a § 3582(c)(2) proceeding involving a defendant sentenced before the FSA's enactment. 712 F.3d at 539-40, 542. We determined that *Berry* was indistinguishable from Hippolyte's case, and thus, the FSA's reduced statutory penalties did not apply to his case. *Id.* at 542.

Based on our decision in *Thomas*, Terry is not entitled to a § 3582(c)(2) sentence reduction because Terry was sentenced as an armed career criminal, and Amendment 750 did not lower his guideline range, as Amendment 750 did not

6

address § 4B1.4.  *See* U.S.S.G. App. C, Amends. 748, 750; *Thomas*, 545 F.3d at 1302.  *Freeman* did not overrule *Thomas*.  Specifically, neither the plurality nor Justice Sotomayor's concurrence in *Freeman* addressed defendants who were assigned a base offense level under one guideline section, but who were ultimately assigned a total offense level and guideline range under § 4B1.4.  *See generally Freeman*, 564 U.S. at ___, 131 S.Ct. at 2690-700.  Thus, *Freeman* is not "clearly on point" to the issue that arose in *Thomas*, and *Thomas* is controlling in this case.  *See Thomas*, 545 F.3d at 1302; *see also Lawson*, 686 F.3d at 1321 (quotation omitted).  Accordingly, § 3582(c)(2) does not authorize a sentence reduction based on Amendment 750 in Terry's case because he cannot show that Amendment 750 lowered his guideline range.  Moreover, the crack cocaine quantity tables listed in § 2D1.1(c), which Amendment 750 amended, were not referenced in calculating Terry's base offense level, much less the guideline range upon which his sentence was ultimately based.  *See* U.S.S.G. App. C, Amends. 748, 750.

Terry also argues that he is entitled to a § 3582(c)(2) sentence reduction based on the FSA's reduced statutory penalties.  Pursuant to the armed career criminal guideline, Terry's sentence was calculated by referencing the career offender guideline, which bases a defendant's offense level on the statutory maximum for his offense.  The PSI calculated his offense level under the career offender guideline based on the statutory maximum for his felon-in-possession

case, not the statutory maximum for his crack-cocaine offense. However, even assuming that Terry's armed career criminal offense level was based on the statutory maximum for his crack-cocaine offense, he would not be entitled to § 3582(c)(2) relief. As we stated in *Berry*, the FSA is not a guideline amendment, and thus, Terry is not eligible for a § 3582(c)(2) sentence reduction based on the FSA. *See Berry*, 701 F.3d at 376-77. To the extent Terry argues that *Berry* is distinguishable because he is seeking to reduce his sentence based both on Amendment 750 and the FSA, his argument is without merit because Amendment 750 has no application to this case. Further, nothing in *Dorsey* suggests that the FSA's new mandatory minimums should apply to defendants who were sentenced long before the FSA's effective date. *See Berry*, 701 F.3d at 377-78; *Hippolyte*, 712 F.3d at 539-40, 542. Thus, the FSA does not apply to Terry's case, and he has not shown that he is entitled to a § 3582(c)(2) sentence reduction because he has not shown that that an amendment to the Guidelines has the effect of reducing his sentence. Accordingly, the district court did not err in denying Terry's § 3582(c)(2) motion.

For the foregoing reasons, we affirm.

**AFFIRMED.**

8