[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-10612
Non-Argument Calendar
_____

D.C. Docket No. 1:95-cr-00060-DLG-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

STEPHEN CHISHOLM,
a.k.a. Stephenegeno Chisholm,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(November 17, 2016)

Before TJOFLAT, MARTIN, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Stephen Chisholm,[1] proceeding pro se, appeals the district court's denial of his motion to reduce his sentence, pursuant to 18 U.S.C. § 3582(c)(2), based on Amendment 782 to the Sentencing Guidelines.  Chisholm is serving a 322-month sentence after he was convicted for possessing a firearm and ammunition as a felon in violation of 18 U.S.C. § 922(g)(1); possessing marijuana with intent to distribute in violation of 21 U.S.C. § 841(a)(1); possessing cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1); and possessing a firearm in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c).  He argues that the district court partially sentenced him using the Drug Quantity Table in USSG § 2D1.1(c), and asks for a two-level reduction in his sentence under a new guideline range calculated using Amendment 782.[2]  Amendment 782 provides a two-level reduction in the base offense levels for most drug quantities listed in the Drug Quantity Table.  USSG App. C, amend. 782.  However, Chisholm's guideline range was superseded by the mandatory minimum sentence required under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e).  He is therefore not eligible for a reduction under § 3582(c)(2).  After careful review of the record, we affirm the district court.

---

[1] The government misspelled Chisholm's name throughout its brief.  We use the proper spelling here.

[2] In his Reply Brief, Chisholm for the first time also argues that his conviction under the Armed Career Criminal Act,  18 U.S.C. § 924(e), was unconstitutional in light of the Supreme Court's ruling in Johnson v. United States, 576 U.S. __, 135 S. Ct. 2551 (2015).  However, this claim is deemed abandoned because Chisholm failed to raise it in his initial brief.  United States v. Levy, 379 F.3d 1241, 1243–44 (11th Cir. 2004) (per curiam).

2

We review de novo the district court's conclusions about the scope of its legal authority under § 3582(c)(2).  United States v. Colon, 707 F.3d 1255, 1258 (11th Cir. 2013).  A district court may reduce a defendant's term of imprisonment if the defendant was sentenced based on a sentencing range that has since been lowered by the Sentencing Commission.  18 U.S.C. § 3582(c)(2).  In evaluating whether a defendant should receive a sentence reduction, the "court must first determine that a reduction is consistent with [USSG] § 1B1.10 before it may consider whether the authorized reduction is warranted."  Dillon v. United States, 560 U.S. 817, 826, 130 S. Ct. 2683, 2691 (2010).  Section 1B1.10 of the Guidleines says that the applicable guideline range must have been lowered by the Amendment to the Guidelines in order for a defendant to be eligible for a sentence reduction.  See USSG § 1B1.10 cmt. n.1.

Chisholm's guideline range resulted from the ACCA, so he is not eligible for a sentence reduction.  Under the ACCA, if a defendant is convicted of possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1), and has three earlier convictions for a "violent felony" or "serious drug offense," then the defendant's sentence increases from a maximum of ten years, 18 U.S.C. § 924(a)(2), to a mandatory minimum of fifteen years and a maximum of life imprisonment, id. § 924(e).  The Guidelines provide that when the ACCA applies and the defendant's guideline offense level is not otherwise greater, then the

3

defendant's base offense level is 33. USSG § 4B1.4(b)(3)(B). But if the defendant used or possessed the firearm in connection with a "crime of violence" or "controlled substance offense," as defined in USSG § 4B1.2, his base offense level is 34. Id. § 4B1.4(b)(3)(A). And under Section 4B1.4(c), if the firearm was used or possessed in connection with a crime of violence or controlled substance offense, then a criminal history category of VI applies. See id. § 4B1.4(c)(2).

Although the presentence investigation report adopted by the district court did calculate Chisholm's guideline range under the Drug Quantity Table, that calculation was superseded by the ACCA's base offense level of 34 under Section 4B1.4. The district court is not authorized to reduce a sentence under § 3582(c)(2) where a retroactive Guidelines Amendment does not change the guideline range that was the basis for the defendant's sentence. United States v. Thomas, 545 F.3d 1300, 1302 (11th Cir. 2008) (per curiam). Because Amendment 782 made no change in Chisholm's guideline range, the district court correctly found that he was not eligible for a sentence reduction. We therefore affirm the district court.

**AFFIRMED.**

4